11-08528 SBBC Bank USA v. John Luckett Good morning, Your Honor. Sabrina Harrell on behalf of the Appellant. Robert Raffey on behalf of the Appellant. Who was late? I apologize. When I left the Federal Court, they were still on the 845 call. I'm not sure why they're so behind. All right. Each side has 15 minutes. It's a very straightforward case, but interesting. And so I can assure you we've read the briefs and the pertinent portions of the record. We don't look at our clacks in this division. But please get to your strongest point first. So anytime you're ready, Ms. Harrell. May it please the Court. My name is Sabrina Harrell, and I'm here on behalf of the Appellant defendant, Mr. John Luckett, pursuant to the foreclosure of his personal residence. I guess realistically and in all fairness, I personally feel I'm really here on behalf of numerous homeowners in this community, in this district who have met an unfair playing ground. As you know, mortgage foreclosures are held on the 28th floor of the Daily Center. And there is a not always, but a very common practice, and what I perceive as an unfair practice, of foreclosure plaintiffs to file motions to substitute plaintiffs, and in this particular case, motions to amend a complaint, without there ever being a motion filed or a notice of motion or a notice so that the defendant is never aware that such is pending before the Court. Well, in this case, it's really not a notice case, is it? Did Mr. Luckett know he was in? He filed an answer. Did he not initially, and he raised, as you point out in your brief, the idea that not directly standing, but point out there was no note attached, right? Am I correct? Yes, yes. In our opinion, that was his attempt to attack standing in his answer. But that is a separate issue from what I'm speaking of, of the amended complaint. There's an amended complaint in this matter that was not motioned before the Court, that was not noticed, and it doesn't appear anywhere on the record. Where it appears is in the appellee's response brief, and the motion for summary judgment is a motion for summary judgment of the complaint, not the amended complaint, and the amended complaint was never briefed. Excuse me. Are you saying that the amended complaint was filed without leave of court? I believe there is an order dated April 17th, I'm sorry, February 17th, and it mentions that there is an amended complaint. My question is really narrow and much more direct than that. Was the amended complaint filed without leave of court? I mean, that's what I'd like to know. I believe there is a February 2009 order that does address that there is an amended complaint. And at that time it was not filed with the Court. Counsel, I'm just trying to get a yes or no answer, because I think that's an important point that goes to the argument that you're making. So I ask again, was the amended complaint filed without leave of court? I cannot address that. I don't think I've seen a document that says leave of court. However, there is a filed, stamped, amended complaint dated April 17th, 2009, that's not in the record, but it is in the Applebee's brief. Counsel, isn't there an order from April 17th, 2009, where Judge Griffin allowed plaintiffs to file an amended complaint? That is the date that the data found. Yes, that is the date of filing that's in the Applebee's brief. All right, so there's a court order allowing for the filing of that amended complaint. It appears so. Yes. And that was a court date in the case, April 17th. Yes, but that's also, okay, that is the date that Mr. Luckett was in court, and the court order that Mr. Luckett received does not address anything about an amended complaint. That court order sets a briefing schedule on a motion for summary judgment of the, pursuant to the complaint, not the amended complaint. You didn't raise that in your reply brief, unless I'm mistaken. I read it last week, and I read it again just now. I don't see where you raised the issue of complaint versus amended complaint. Do you? Actually, that issue is raised, yes. Where? Okay. So it is our position, with regards to the amended complaint, that since an amended complaint was not briefed, and Mr. Luckett had no knowledge of an amended complaint, and the motion for summary judgment specifically states that it goes towards the complaint, not the amended complaint, then, therefore, the judgment is improper. And to move forth with the foreclosure itself. When you say about the amended complaint, are you saying that when they added, the plaintiff added the note? Is that what you're referring to? I believe it slightly changes the capacity statement, where it references an assignment. That's one change in the amended complaint versus the complaint. And then it also attaches a note that was not attached to the complaint. That's correct. Does the trial court have discretion to allow the plaintiff to amend its complaint to cure any defects that exist in the originally filed complaint? Yes. Yes, we don't dispute that. But if there ends up being an amended complaint, which is what occurred here, and the defendant is unaware of that, and the defendant is not given the opportunity to respond to an amended complaint. How is it that the defendant is unaware of the amended complaint? Because the complaint was not motioned, it was not noticed, and when Mr. Luckett, the defendant, was in court on the date of April 17, 2009, the only order he received and the only thing that was argued before the court at that time was setting a briefing schedule on a motion for summary judgment. Did Mr. Luckett get a copy of the amended complaint once it was filed? There is a notice of filing in the record. I believe it's dated April 23. That wasn't my question. Did Mr. Luckett get a copy? No, he states he did not. But there is a notice of filing in the record. But that notice of filing still does not even have attached to it this amended complaint. Nowhere in the record is this amended complaint. We only actually saw the physical document pursuant to the appellee's response brief. Did you argue that before the trial court? Because that sounds like that's the crux of your argument. Did you argue that to the trial court? No, we have several arguments. That's just the argument that we're presenting here first. No, the argument to the trial court was based on a pending motion for order confirming sale. I can move on to your second point, then. I'm sorry? Move on to your second point other than the amended complaint. Thank you, Your Honor. Counsel may ask you, and I apologize. Yes. On your appeal, it's kind of confusing to me. I don't know if you're appealing. You do say you're appealing the judgment of foreclosure and the motion approving the sale. And then most of your arguments, though, have to do with the motion to confirm sale. So are you appealing both the judgment for foreclosure and the motion, granting the motion, confirming the sale or not? Yes, that is correct. So do you agree with me? Most of your brief argues about the motion confirming the sale, not the judgment. Yes, but we do deal with the issue that we have just addressed regarding the amended complaint as far as the judgment. Yes, we do raise that issue. Okay. Sorry. Continue. Okay. Another issue here is plaintiff has recently filed a motion to include an additional case. I believe the case is Dorschbank v. Snick. And it's a third district appellate court case. And the argument, as we understand from plaintiffs, that this particular case, the Snick case, is exactly on point to the particular case here before you today. And that is not our position. The Snick case is a third district case. And in that case, the plaintiff alleged it is the holder of the indebtedness, something that was not alleged in this action. The defendant did, or the defendant's counsel did file an appearance. But the counsel did not file an answer. There was a default judgment, which did include 304 language, meaning that, therefore, it was a final appealable order. Over a two-and-a-half, almost three-year period, the defendant, it's not clear if it was the defendant pro se or the defendant's counsel. But either way, the defendant filed five separate motions to stay the sale. And the defendant even filed a motion to reconsider, pursuant to the defendant's challenge to standing. And in the Snick case, the court specifically held that the defendant, not just that the defendant has waived standing, which is I think the issue that plaintiff counsel is presenting as the similarities in this action, but the court specifically stated that the defendant did not raise any issues pursuant to Section 1508 of the Illinois Mortgage Foreclosure Law. That case is completely different than our case. Yes, they're similar because they're both foreclosure actions. Yes, they're similar because they both are approximately the same time frame, about a two-and-a-half or three-year period from the filing of the case to the conclusion of the case. However, in here, in this particular action, number one, as we said, the plaintiff never argued it was the holder, the indebtedness. Number two, there was no default here. There was a summary judgment that specifically stated it went to the complaint, not the amended complaint. It's different here. And here, Mr. Luggett did actually argue 1508 language. Specifically, he argued 1508b-4 in his response to the motion for order confirming sale. Counsel, I have a more basic question. What's the standard of review for the issue that you're arguing now? Abuse of discretion. Okay. Okay. You just argued that FLE is not the holder of the note. Do they need to be the holder of the note? They need to stay if they're the holder of the agent. They do not need to be the holder of the note. Okay. But in their complaint, in the complaint and the amended complaint, the FLE states it's the mortgagee. And there is a provision of the Illinois Mortgage Foreclosure Law that states that for the capacity statement that at that point you insert exactly. You don't just say you're the mortgagee. You state whether you're the holder of the indebtedness, whether you're the trustee, whether you're the agent of the holder of the indebtedness, and so forth. Actually, the statute is 1208, is it not? I'm sorry, 1208, yes. Subsection 1208. And reading from Merz v. Barnes, Merz satisfied the statutory definition of a mortgagee, which goes beyond just note holders to also encompass, quoting, any person designated or authorized to act on behalf of such holder. So it doesn't need to be agent or trustee, just anybody, anybody that they're designated by the holder of the note. That's true, but 1208 also states that you have to state what that capacity is. And just stating mortgagee is not stating what that capacity is. And in Merz v. Barnes, I think it's a little different because Merz was the nominee. And in the complaint – Merz was the servicer, were they not? Servicer? No, Merz is not a servicer, no. Merz is basically a holding company so that lenders can get around the process of recording changes, of recording assignments, or basically when a note transfers, they get around the transfer part without having to record with the recorder of deeds because in the mortgage, Merz is listed as the mortgagee. What's your best case for prevailing? With regards to which particular element? To any of your issues. I just said Merz v. Barnes. They cite SNCC, which looks very much on point, for the argument that standing is an affirmative defense that must be raised by your client. And we don't dispute that. I don't think we ever argue that the case law does not say that standing is an affirmative defense. But I think if you look at both SNCC and Barnes, they raise other issues besides that. The court just doesn't say that standing is an affirmative defense and that's the end of the issue. The court specifically spells out, goes to whether or not a defendant raises issues regarding 1508 of the Illinois Mortgage Foreclosure Law. And SNCC exactly says that. SNCC exactly says that. Their exact language, if you give me a moment, is that the defendant participated and accepted the benefits of the proceedings pursuant to those five motions to stay the sale and the defendant gave no basis of refusal under 1508 of the Illinois Mortgage Foreclosure Law. So that suggests that the court is not simply saying that, well, if standing was not raised as an affirmative defense, that issue is over. It seems like the court is opening a window saying, look, are there other issues? Did you challenge it under 1508B? Or, I'm sorry, just 1508 as regards to the motion to confirm the sale. And how much did you use the court? And in SNCC he used the court, he or she used the court at least five times on a motion to stay the sale. Counsel, isn't the defendant's burden to plead with specificity the affirmative defense? Yes. And you plead with specificity that affirmative defense? And where? Well, there were no affirmative defenses filed, so there's no affirmative defenses pled. All right. Mr. Luckett filed an answer to the complaint on the form. What was the standing issue? Right. He just filed an answer to the complaint, pro se at that time, okay, and his only issue with regards to standing was with relation to the note, basically that there was no note attached to the complaint. It was a form complaint. He did not file affirmative defenses. How do we get around that, counsel? Because if an affirmative defense is required as an initial response at the pleading stage and your client didn't file one, how do we, we have to, in order to espouse your view, we have to write something that's coherent that makes sense. How do we get around the fact that no affirmative defense was ever raised? We cannot deny that the defendant did not timely file an affirmative defense, and we're not going to stand here and try to present something to you to make it appear that an affirmative defense was filed. Affirmative defense was not filed. However, equity is a court, chancery court is a court of equity, fairness, and justice, and if you look at the defendant's response to the motion for order to confirm sale, the defendant does raise these issues, and part of defendant's 15, 1508B4 specifically, which provides that if it is basically inequitable for the court to enter the motion to confirm sale pursuant to whatever information is before the court and additional information before the court, then the court should not confirm the sale. What was before the court at the time that would give the court, put the court on notice that it was inequitable for the court to confirm that sale? Mr. Luckett raised basically two issues, two main issues, I should state. One issue being the standing issue pursuant to an assignment, and the second issue being the fairness in which the plaintiff worked with Mr. Luckett regarding a loan modification. Counsel, let me ask you about that doctrine of good faith and fair dealing. Can that truly be invoked in this case? Good faith and fair dealing does not actually apply to this case per se. However, that does not mean that a party, when parties are negotiating, that a party has the option to act in bad faith, which is what occurred here. The plaintiff provided Mr. Luckett with several different loan modification applications on various numerous times. Mr. Luckett completed those applications, and each time there were denials for reasons that simply were inaccurate. I understand that plaintiff's position is that there is no obligation for a lender to modify a loan. And that part is true. However, if a lender is modifying loans, which that particular lender is, as most lenders are nowadays, then the lender has to be fair in how it decides what loans to modify and what not. And when a lender begins to switch what's income and turn that into an expense, and begin to change the amount of expenses when none of it is supported by the financial documents and information that a defendant supplies or borrows supplies, and that is clearly bad faith. This mortgage foreclosure action was filed in December of 2008. Prior to this filing, how many payments had Mr. Luckett made in the previous 12 months? I believe one day. We hear lots of mortgage cases. We see them all the time. We rarely grant oral. But that's why I'm always interested in it. So somebody comes in and says, look, this horrible bank is throwing the widows and orphans out on the street, which is what they do. They're banks. The problem, though, is he asks the person who borrowed the money, did you ever pay them any money back? Did Mr. Luckett ever pay them back? Not including all of it, but any of it. Twelve months prior to the action being filed. How many payments did he make? He was five months behind at the time of the foreclosure case being filed. And how many months behind would he have been when he got the confirmation of sale? Well, by that time, it's a two-and-a-half-year period. They lived there during that period? Yes. The judgment of foreclosure was entered June 5, 2009. The order confirming sale was entered October February 7, 2011. So there was time there, if there was some modification, some agreement that could have happened. What I'm saying is the circuit court didn't rush to provide for the motion to confirm. I mean, there was a time frame there where one could argue that your client could have attempted to sell and done whatever he wanted to do. Yes, but he did attempt. And with every attempt, he met bogus responses, responses ranging from, for example, Mr. Luckett receives child support because he has custody of the child, and the biological mother does not, and the biological pays him child support. And plaintiff put the child support on the expense side of the spreadsheet. If he pays zero, though, I mean, at the end of the day, that's what these cases are all about. They're about paying off your mortgage. And when somebody fails to pay off their mortgage, to send a mortgage payment in for the period of two-and-a-half years, they're likely to be on the street. And honestly, equity, the only equity there is to put the person on the street. Well, I think it's a bit more than that involved. I mean, for example, if a plaintiff doesn't have standing, then that means at any future time, after an individual is evicted, someone else who actually has standing can come back and sue the same borrower for the exact same thing. Is that fair? Is that just? Is that even reasonable? We don't have that in front of us, though. I mean, so what is fair and reasonable on hypothetical questions from lawyers to judges is something we tend not to answer. I understand. But I think your position, you know, was more general as well. It is very general. If you don't pay your mortgage, you're going to go. I have a different question, counsel. Did you raise these arguments with specificity before the trial court? With regards to the standing issue that we're addressing? Not the standing issue. More specifically, because I'm interested in your argument that the plaintiff did not accommodate Mr. Luckett in trying to do the loan modification, and the specificity of that. You said they did a lot of bogus things, I think is the term to use, and I'd like to know whether you fled that with specificity, because that would go to the fraud argument. Yes. We did spell out who the communications were with, when Mr. Luckett attempted different modifications, what responses he received, and there's also an affidavit that was attached as well. Yes. Oh, we have some time for reply. We'll hear from Van. And what's your name again, counsel? Robert Rappi on behalf of Apelli. Spell your last name. R-A-P-P-E. I'd like to first address a couple matters raised in Appellant's argument. The first issue regarding the amended complaint, there is in the record an April 3, 2009 order, which specifically states that this matter coming to be heard on plaintiff's motion to amend the complaint, due notice having been given. So the court may note that notice was properly given. There are documents missing from the court file, there's no doubt about that, but it's a plaintiff's contention. They were filed. The amended complaint was filed on April 17. I think her opponent's contention is that her client never received it. Yes. And there's a notice of filing and a proof of service of the amended complaint in the court record. And to the extent there's an absence of any documents in the record, it's our contention that any doubts from the incompleteness have to be resolved against the appellant, and this court has to accept that the trial court acted in conformity with the law and had a factual basis for its rulings. I believe one of the justices asked a question. They did not raise their failure to file an answer to the amended complaint in the trial court. That was raised for the first time before your honors, so I believe that issue would be waived. It was also noted what kind of time elapsed. From the time the briefing schedule on the summary judgment was entered on April 17, 2009, until defense counsel first appeared in this case on her motion to stay the foreclosure sale, that was October 8, 2010, the defendant had 18 months within which to raise issues, and that's before the sale even took place. We think that this case is very similar, subject only maybe some technical variances, to this court's decision in Mears v. Barnes and the third district case in Deutsche Bank v. SNCC, which cited Barnes. In all cases, the defendants failed to raise any affirmative defenses prior to judgment, and further, they failed to raise any affirmative defenses prior to the foreclosure sale. In all three cases, the defendants filed motions to stay the foreclosure sale, and in all three cases, those motions were granted, giving the defendants additional time. When the plaintiff then sought to confirm the sale in all three cases, the defendants for the first time all attempted to argue that they had defenses to the case. Most notably, all three argued that standing was an issue. Your opponent attempts to distinguish Deutsche Bank, saying that there were different factual issues in that case. Again, technical variances, Mears v. Barnes and Deutsche Bank v. SNCC both involved cases where the defendant was defaulted for failing to answer. The distinction here is this defendant filed an answer, but he admitted all the substantive allegations with respect to the note, the mortgage, the terms, the default, the capacity, the plaintiff brought the action. And did he file an answer to both the first complaint and the amended complaint? Just to the first complaint. So there was no answer to the amended complaint? No, there's not. You mentioned a moment ago that Mr. Luckett didn't file a really, is really appealing from the confirmation of sale. I can tell you as being a presiding judge for lowly as many years, I've seen many scores of motions dismissed as premature notices of appeal on bank mortgage cases where they try to appeal the foreclosure itself. It would seem to me that what else Mr. Luckett could do other than follow the dictates of this court, that they have to wait until everything is done before they can raise the issue of whether the foreclosure itself was correct. Well, with respect to the judgment, yes. But I think the issue and where the interesting issue is, is the standard review. I think abuse of discretion is clearly the standard for the confirmation order. And MERS versus Barnes kind of expands that to suggest that it goes beyond. And I think where we're similar with MERS versus Barnes is normally a summary judgment is going to be reviewed de novo. But I think it can only be reviewed de novo based on what was before the trial court at that point in time. What MERS versus Barnes in this case have in common is the defenses weren't raised at the proper time. If they were raised timely in response to the complaint and the court entered a summary judgment after ruling on standing, ruling on the other allegations that are now before the court, it probably would be a de novo standard review. But they're raising these for the first time in a response to a motion to confirm sale after sale. And at that point, the issue is really did the court abuse its discretion in not allowing them to now for the first time open up the pleading stages again and file affirmative defenses. And I think MERS versus Barnes got it right because they said if you do that, you are going to completely demolish the integrity of judicial sales because nobody will bid on a property. They'll have no confidence that the sale will ever get confirmed if a defendant can come in at the 11th hour and now for the first time try and reopen and re-litigate the case. Mr. Raffi, is that how you pronounce your name? Yes. What about the argument, the fraud argument that Ms. Carroll raises that the bank in effect was sophisticated and Mr. Luckett was not, and the bank essentially conducted bogus negotiations over a period of time, leading Mr. Luckett to believe that they were really going to resolve this, but in essence lulling him into a false sense of doing nothing until it was too late. What about that? In response to that, and I think in response to the question that you asked the appellant, is I don't believe there's any specificity in what she's filed regarding those elements. There's very general factual conclusion type comments. For example, in the motion to stay sale, Mr. Luckett signed an affidavit. Number one saying he had been earnestly and diligently working for a loan modification since September of 08, which quite frankly kind of demolishes the standing argument because that's three months before the case was filed. If plaintiffs didn't have standing, why are you working with them on a loan modification? But it's replete with factual conclusions. He made 50 calls, nothing about who said what to him, nothing about who he spoke with, when those conversations took place. The only specificity that they reference, and even that they don't get into the who, when, and where, is that he was working with a company called First American Law Center, which I take it as one of these fly-by-night outfits that try to help people with loan modifications and take their money and then disappear. And they even note that this company is now under investigation. He says that they told him that the mod was being approved and that the foreclosure was on hold. There's no specificity, though, as to when that conversation took place, who he spoke with. And again, this is a third party, not affiliated with the plaintiff. So to suggest that the people he hired to help him lied to him, that that somehow is a fraud on the part of the plaintiff, just doesn't make any sense. Again, with respect to the motion to stay the sale, which again was granted, that motion did not raise any defenses to the underlying action. It didn't seek to vacate the judgment. It didn't seek to amend the answer. It didn't seek to file an answer to the amended complaint. It didn't seek to raise any affirmative defenses. It only stated he was trying to reach a settlement via loan modification with the plaintiff. Again, he accepted the benefits of that court order. And again, now wants to claim there's no standing. He clearly has, under Illinois law, the burden to plead and prove standing, and he simply doesn't do it. And even in the brief, page 15 of the appellant brief, she states, it was at the very least questionable at judgment as to whether a plaintiff had standing at commencement of the action. Well, if you don't have evidence that there's no standing, and all you think is it's questionable, that in and of itself shows that you don't know. You can't possibly prove a defense of lack of standing, even if it were not considered waived already. And then page 17 of the brief, the court says, the court allowed the plaintiff to circumvent the requirements of IMFL by commencing an action on plaintiff lack of standing, again, without any factual specifics, and then later attempted to cure the standing issue by later gaining standing in this action. It just doesn't make any sense. In their response to the motion to approve the sale, the defendant states, Luckett has applied for a loan modification with plaintiff on at least five separate occasions. And it then goes on, quote, plaintiff has no legal obligation to grant Luckett a loan modification. Plaintiff does offer loan modifications, and plaintiff is required to act in good faith and fair dealings in the approval or denial of a loan modification application. And finally, plaintiff has unreasonably delayed an approval of a loan modification to Luckett. So again, you're dealing with the plaintiff, yet you're talking out of the other side of your mouth, saying the plaintiff doesn't have any interest in this case. In the brief, too, the defendant indicated that he didn't respond to the summary judgment in April 2009 because he believed the matter was being resolved in bankruptcy, which is interesting because he didn't file bankruptcy until January 11, 2010, seven months later. Counsel, are there cases that specifically construe that Section 1508B relative to that justice was not otherwise done? There are a number of cases. A fleet versus deal, I believe, is one case that was cited by the defendant, and that's a perfect example of where a sale would make sense to vacate a sale. In that case, the defendant, mortgage or defendant, redeemed the property prior to the foreclosure sale, full payoff. I don't know if it was real estate closing. I can't remember the exact facts. But they paid the loan in full. Whoever at the lender received payment didn't let the left arm know what it was doing in the foreclosure department, so they didn't ever cancel the foreclosure sale. Foreclosure sale took place, went to a third party, and the court said no, it would be inequitable to allow that sale to stand when you had accepted the money prior. I think Household versus Lewis, a more recent case from the Supreme Court, also resolved three cases that came out of the first district in three different divisions and kind of had the same appeals, that if the lender chooses to work with the borrower and accepts a reinstatement after the sale takes place, they have the right to not seek to confirm or if they led them down this road where we told you we weren't going to proceed. But that's not present in this case, and that's why I said there's not any specificity. It would be one thing if they were alleging in any of the pleadings that they told me we were not going ahead with this sale. That changes things dramatically. There's no statement, there's no allegation in the response to the motion to approve sale. There's no allegation in the appellant's brief that that was ever the case. It's more general. We were trying to do something, and they kept giving us bogus reasons, and we unfortunately weren't able to work something out. So there's no specific standard that's been set up as far as complying with that? Yeah, I mean, it's a very ambiguous, vague, you know, of course we all want justice to be done, but how do you define that? So I think it's kind of a, you know, we know it when we see it, and it's a case-by-case analysis as far as the facts. You know, again, getting back to the negotiating of a loan modification, I don't think there is such a defense. I mean, you're asking for the lender to give me more favorable terms on my preexisting indebtedness. If anything, I think you're stuck with a contract argument, and that somehow the plaintiff mortgagee breached the contract. But there's no terms in either the mortgage or the note that says, well, if you can't make your payments, we'll give you a better deal, or we'll reduce your interest rate, or we'll reamortize the loan. The fact of the matter is, this isn't even, you know, an adjustable rate where the interest rate doubled. This is a fixed rate, 30-year, 7% note insured by the federal government. And Mr. Luckett made a total of nine payments, and there's currently 40 payments that are past due. Is he still in the House? You know, quite frankly, I always hearken back to just the basic tenets of the Civil Procedure Act in 1106. Cases would be speedily resolved based on the substantive rights of the parties. Well, the trial court didn't get the first part, but I think they got the second part right. It was resolved on the substantive rights of the parties. Clearly, my client's industry is under fire every day. I mean, there's always a new news story about this, that, or the other. But a residential foreclosure is still basically very simple. Did you borrow the money? Two. Did you pay it back according to its terms? And in a case where it's kind of the defense du jour these days, raising lack of standing, is there more than one entity seeking repayment of the obligation, or more than one entity seeking to foreclose on you? And, you know, again, it's just my experience. Counsel, I think it's very easy to paint it as being, you know, very simple. It's just, did you borrow the money, and did you pay it back? But if those were the only issues, we would never have any cases before us. So before you go too far down that road, I think it's important to acknowledge that there are other issues other than, did you borrow the money, and did you pay it back? I would agree. I mean, that may be an oversimplification. I mean, if there's truth in lending defenses or things like that that are actually raised before the court, I would agree. But at its base, it's a simple transaction of, we loaned you money. You agreed to repay it back. I mean, absence of some kind of consumer protection act defenses like truth in lending, it still, I think, boils down. And from the standing argument, I just have not seen the situation where you have two different lenders seeking to enforce or foreclose on the same indebtedness. And Judge Gibson, a trial court judge in the Second District, wrote an interesting article. And he said, he's like, I just don't buy this. Large lenders have to resolve this amongst themselves, or you'd have an economy in complete chaos. Although, maybe we aren't so far off. But if one lender is fighting and saying, I've got this one, and the other lender is saying, no, it's my loan, I'm foreclosing. And again, in practice, we just don't see that. Thank you. Thank you very much. Ms. Harrell, briefly. There are several issues before the court. Of course, with regards to standing. Of course, with regards to the amended complaint. Of course, with regards to fairness and equity. Going back to the issue of the amended complaint, I believe counsel stated that the record is clear that an amended complaint was filed, and that the record is clear that an amended complaint was served upon the defendant. The court has the record. We supplied the record to the court that we received from the district court. And that record does not state what plaintiff alleges. None of that is clear. If everything was so clear, maybe we would not be here now. Then the question becomes, is it fair and equitable to have a stringent standard towards a defendant, but not to have those same standards towards a foreclosure plaintiff? So if a defendant is going to be cut off by strict timelines, then shouldn't that also apply to a plaintiff? Well, he hasn't been cut off. He's been living rent-free for 40 months. It's interminable. Well, if a defendant is required to file affirmative defenses at the time that one files an answer, and if a defendant doesn't do so and the court's position is that defendant is barred because of that, does not the same apply to a plaintiff? If a plaintiff amends a complaint... You've argued that several times. Any other argument? Okay. But the point is the same, Your Honor. It's about fairness. If your position is that you don't pay the mortgage, that's it. If it's as simple as that, then why do we have judicial foreclosures? It's not as simple as that. To sell the property. That's why we have them. There are other issues, other issues that both sides have clearly briefed and presented to this Court. And our position is that pursuant to 1508B4, the motion for order confirmation of sale should have been denied. Thank you.